UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN PRECISION INDUSTRIES, INC., | Dkt. No. |
| Plaintiff, | **COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| FEDERAL INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, and NORTH RIVER INSURANCE COMPANY, | |
| Defendants. | |

Plaintiff American Precision Industries, Inc. ("API"), as for its Complaint against Defendants Federal Insurance Company ("Federal"), Fireman's Fund Insurance Company ("Fireman's Fund"), and North River Insurance Company ("North River") (collectively "the Insurers"), alleges as follows:

## NATURE OF THE ACTION

API seeks a declaration that the Insurers, under the insurance policies listed below, must defend and indemnify API in connection with asbestos-related claims asserted against API (the "Asbestos Claims") and reimburse defense fees and costs, as well as settlement amounts, previously incurred by API in connection with the Asbestos Claims.

## THE PARTIES

1. API is incorporated in the state of Delaware with its principal place of business at 45 Hazelwood Drive, Amherst, New York 14228.

2. Federal is an insurance company incorporated in the state of Indiana with its principal place of business at 15 Mountain View Road, Warren, New Jersey 07059.

3. Fireman's Fund is an insurance company incorporated in the state of California with its principal place of business at 777 San Marin Drive, Novato, California 94998.

4. North River is an insurance company incorporated in the state of New Jersey with its principal place of business at 305 Madison Avenue, Morristown, New Jersey 07960.

## JURISDICTION AND VENUE

5. Jurisdiction exists in the United States District Court for the Western District of New York pursuant to 28 U.S.C. § 1332.  API's citizenship is diverse to that of the Insurers and the amount in controversy exceeds the jurisdictional amount.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action took place in the in the Western District of New York.

## INSURANCE POLICIES

7. North River issued and/or sold primary comprehensive general liability policy number ML-208455 for the period from December 31, 1974 through December 31, 1977, with annual limits of $300,000 per occurrence and in the aggregate.

8. Fireman's Fund issued and/or sold policy primary comprehensive general liability policy number MXC 80005191 for the period from April 1, 1985 through April 1, 1987, with annual limits of $1,000,000 per occurrence and in the aggregate.

9. Fireman's Fund issued and/or sold policy primary comprehensive general liability policy number MXC 80079133 for the period from April 1, 1987 through April 1, 1988, with limits of $1,000,000 per occurrence and in the aggregate.

10. Fireman's Fund issued and/or sold policy primary comprehensive general liability policy number MXC 80142927 for the period from April 1, 1988 through April 1, 1989, with

limits of $1,000,000 per occurrence, $1,000,000 in the aggregate for products and completed operations liabilities, and a $2,000,000 general aggregate.

11. Federal issued and/or sold policy primary comprehensive general liability policy number 3530-67-00 for the period from April 1, 1992 through April 1, 1997, with annual limits of $1 million per occurrence and $2,000,000 in the aggregate.

12. The insurance policies set forth in paragraphs seven through eleven collectively are referred to as the "Policies."

## THE ASBESTOS CLAIMS

13. Since approximately 2002, API has been named as a defendant in hundreds of Asbestos Claims in numerous states.

14. The Asbestos Claims allege third-party bodily injuries resulting from exposure to asbestos contained in products manufactured and/or sold by API.

15. Specifically, the Asbestos Claims primarily allege exposure to asbestos in heat exchangers manufactured and/or sold by API.

16. The Asbestos Claims allege third-party bodily injuries during one or more of the periods of the Policies.

17. The Asbestos Claims allege an "accident" or an "occurrence" within the meaning of the Policies.

18. API has complied with all conditions precedent to coverage under the Policies, including timely notice of the Asbestos Claims.

19. Coverage for the Asbestos Claims under the Policies is not barred by any exclusion, condition, or other provision.

20. API has incurred, and likely will continue to incur, fees and costs in defense of the Asbestos Claims.

21. API has incurred, and may incur in the future, losses as a result of settlements and/or judgments in connection with the Asbestos Claims.

22. Fireman's Fund and North River have failed and/or refused to acknowledge coverage for the Asbestos Claims and to defend or reimburse defense fees and costs already incurred by API in connection with the Asbestos Claims.

23. Federal has acknowledged coverage for the Asbestos Claims and has agreed to participate in API's defense, but has not actually paid any defense expenses.

24. None of the Insurers has contributed toward API's settlement costs.

## CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT
## AGAINST THE INSURERS

25. API repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

26. API has complied with all conditions and obligations required of it under the Policies.

27. The Policies obligate the Insurers to defend and/or fully fund defense fees and costs incurred by API in connection with the Asbestos Claims.

28. The Policies also obligate the Insurers to indemnify API for all settlements and judgments incurred in connection with the Asbestos Claims.

29. Fireman's Fund and North River also have failed and/or refused, and likely will continue to fail and/or refuse, to acknowledge their obligations to defend and indemnify API in connection with the Asbestos Claims.

30. As a direct and proximate result of Fireman's Fund's and North River's breaches, API has incurred, and likely will continue to incur, substantial actual costs and damages.

31. Although Federal has acknowledged coverage for the Asbestos Claims and agreed to participate in API's defense, it has not paid any defense or indemnity costs.

32. An actual controversy of a justiciable nature presently exists regarding insurance coverage under the Policies for the Asbestos Claims.

33. WHEREFORE, API respectfully requests that the Court grant the following relief:

    (a) declare that the Insurers must reimburse all defense fees and costs, as well as all settlement amounts, incurred by API in connection with the Asbestos Claims;

    (b) declare that the Insurers must defend all pending and future Asbestos Claims;

    (c) declare that the Insurers must indemnify API for all future settlements and/or judgments incurred in connection with the Asbestos Claim; and

    (d) grant such other relief as the Court deems just and proper.

### JURY DEMAND

API hereby requests a trial by jury on all issues so triable.

By: *s/ Brian J. Osias*
Gita F. Rothschild
Brian J. Osias
McCarter & English, LLP
245 Park Avenue, 27th Floor
New York, NY 10167
Phone: 212.609.6800
Fax: 212.609.6921
Attorneys for Plaintiff
American Precision Industries, Inc.

DATED: December 16, 2014

ME1 19553481v.1