UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AMERICAN PRECISION INDUSTRIES,
INC.,

                Plaintiff,
v.                                              14-CV-1050-RJA-HKS

FEDERAL INSURANCE COMPANY,
FIREMAN'S FUND INSURANCE
COMPANY, and NORTH RIVER
INSURANCE COMPANY,

                Defendants.

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters. Dkt. No. 8.

American Precision Industries, Inc. ("API") commenced this action on December 16, 2014, seeking a declaration that the defendant Insurers, Federal Insurance Company ("Federal"), Fireman's Fund Insurance ("Fireman's), and North River Insurance Company ("North River"), must defend and indemnify API "in connection with asbestos-related claims asserted against API," and reimburse defense fees and costs and settlement amounts. Dkt. No. 1. Among other policies, API seeks coverage from North River under an alleged commercial general liability policy number ML-208455, covering the period from December 31, 1974, through December 31, 1977, which has annual limits of $300,000 per occurrence and in the aggregate ("the Policy"). Dkt. No. 1, ¶ 7.

As of this writing, neither API nor North River has located a copy of the Policy. Although API has produced secondary evidence of the Policy's existence, such as contemporaneous certificates of insurance, correspondence, and premium audits referencing or describing the Policy, North River refuses to acknowledge that it issued the Policy. Dkt. No. 24-1, p. 5.

On July 17, 2015, API served its first request for documents and first set of interrogatories. Dkt. No. 24-1, p. 5. In its Request, API sought, among other things, a complete copy or any known excerpts of the Policy; "all documents concerning the Policy;" the known terms and provisions of the Policy, including the per occurrence and aggregate limits, the period, and the premiums charged; the investigation into the existence of the Policy, including the efforts to locate it; the identities of "each and every person who participated in or possesses knowledge of North River's effort to identify or locate the Policy or portions thereof;" "the types of insurance policies for which North River used the prefix 'ML' during the period from December 31, 1974, through December 31, 1977;" "all liability forms and/or standard or form policy language North River used in drafting general liability insurance policies sold during the same period as the policy that included an 'ML' prefix," "all documents concerning North River's document retention and/or document destruction policy potentially applicable to the Policy," and "each and every lawsuit to which North River is or has been a party concerning a lost insurance policy with an "ML' prefix." Dkt. No. 24-2, pp. 8-10.

In its response, North River objected to API's requests as being "overly broad, unduly burdensome, vague and ambiguous," irrelevant, or "protected . . . by the work product doctrine, the attorney-client privilege, or by any other applicable privilege, immunity or rule." Dkt. No. 24-2, pp. 5-6. According to North River, "it has never been established that the alleged 'policy' was ever in fact issued by North River." Dkt. No. 24-2, pp. 13-14. North River has asserted the affirmative defense that API bears the burden to prove the terms of the missing Policy. Dkt. No. 7, p. 8.

On September 10, 2016, API served a deposition notice for a corporate representative of North River. Dkt. No. 24-2, p. 29. North River objected to producing a witness on numerous deposition topics including: its coverage positions; the existence and terms of its policy; the sale of the policy; its search for the policy, underwriting files, claims files, and other secondary evidence; the identities of brokers involved in issuing the policy; North River's document retention policy; policy forms applicable to the policy; and North River's affirmative defenses. Dkt. No. 24-2, pp. 34-41. North River did agree to produce Sean C. Magee, a claims handler for North River, and Roger Quigley, former underwriter for North River "and other affiliated entities" (Dkt. No. 24-2, p. 18), and further agreed that if Mr. Quigley could not address "all of [API's] topics," API could seek "a corporate designee." Dkt. No. 30-1, p. 19.

API discovered that Mr. Quigley testified as North River's Corporate designee in an unrelated matter, *Dexter v. Cosan Chemical Corp.*, No. 91-5436(DRB), 1999 U.S. Dist. LEXIS 23187 (D.N.J. Aug. 26, 1999), that North River used the prefix

"ML" for "multi-peril policies, including comprehensive general liability coverage," and that it used "COMPAC" policy forms for policies with the "ML" prefix. *Id.* at *5. At his deposition, Mr. Magee testified that North River maintains two records systems, "PaperVision," containing electronic forms, and "ARO," containing paper forms. Dkt. No. 24-2, p. 46. Mr. Magee further testified that the "PaperVision" system likely contains "COMPAC" policy forms. Dkt. No. 24-2, p. 48.

On September 27, 2016, Counsel for North River sent an email to API's counsel stating:

> North River does not maintain a comprehensive database of policy forms. Some policy forms are stored in an electronic database, known as the Papervision system. However, forms are stored in the system when included as part of an existing policy and not as an exhaustive form collection. North River has conducted searches of its system in an attempt to locate the forms potentially associated with the alleged policy named in this litigation or with an "ML" policy generally. Unfortunately, it is impossible to identify the policy forms or coverages included without additional information, including but not limited to a list enumerating the specific forms used in the policy.

Dkt. No. 24-2, p. 52. API subsequently deposed Mr. Quigley, who confirmed that the declarations page and the "COMPAC" and "MLB-202" forms shown to him at his deposition would be part of the Policy. Dkt. No. 32, p. 3.

Currently before the Court is API's motion to compel North River to: produce "all versions of forms applicable to comprehensive general liability policies with an 'ML' prefix, including the "COMPAC" form"; identify the precise time period(s) during which it used the "COMPAC" form for policies with an "ML" prefix; produce

Mr. Quigley's testimony in cases identified by API[1] and "from all other matters related to a lost policy issued during the 1970s containing an 'ML' prefix or 'COMPAC' form;" and designate a witness on each topic identified in API's deposition notice.  Dkt. No. 24-3, pp. 1-3.

Fed. R. Civ. P. 26(b)(1) provides, in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within the scope of discovery need not be admissible in evidence to be discoverable.

Motions to compel are "entrusted to the sound discretion of the district court."  *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (quoting *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)).

"It is well established under New York law that a policyholder bears the burden of showing that the insurance contract covers the loss."  *Morgan Stanley Group Inc. v. New England Ins. Co.*, 225 F.3d 270, 276 (2d Cir. 2000); *Consol. Edison Co. of New York, Inc. v. Allstate Ins. Co.*, 98 N.Y.2d 208, 218 (N.Y. Ct. App. 2002).  An

---

[1] *Bondex International, Inc. v. Hartford Accident & Indem. Co.* (N.D. Ohio); *Friedland v. United States Fire Ins. Co.* (D. Col.); *General Refractories Co. v. First State Ins. Co.* (E.D. Pa.); *Hinkle v. North River Insurance Co.* (D. Ala.); *Kelley Moore Paint v. Continental Cas. Co.* (Cal. Sup. Ct.); *NCH Corp. v. Hartford Accident & Indemnity Co.* (N.J. Super. Ct.); *Pacific Employers Ins. Co. v. Admiral Ins. Co.* (N.J. Super. Ct.); *Plant Insulation Co. v. Fireman's Fund Ins. Co.* (Cal. Sup. Ct.); *SPX Corp. v. Ace Property & Cas.* (N.C. Super. Ct.); and *Warren Pumps LLC v. Century Indemnity Co.* (Del. Super. Ct.).

insured seeking coverage under a lost or "missing" policy "may rely on secondary evidence (i.e., evidence other than the policy itself) to prove the existence and terms of an insurance policy," provided the insured "demonstrates that it has made a diligent but unsuccessful search and inquiry for the missing policy." *Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83 (2d Cir. 2002) (internal quotation and citation omitted); *Bituminous Casualty Corp. v. Vacuum Tanks, Inc.,* 262 F.3d 455, 460-63 (5th Cir. 2001).

District courts within the Second Circuit have relied on "specimen" or standard policy forms as secondary evidence of a lost or destroyed policy's terms. *Glew v. Cigna Grp. Ins.*, 590 F. Supp. 2d 395, 411 (E.D.N.Y. 2008) (citing *Bituminous*); *Burroughs Wellcome Co. v. Commercial Union Ins. Co.*, 632 F. Supp. 1213, 1216 (S.D.N.Y. 1986) (using standard policy forms issued by defendant insurer to determine the scope of coverage). Witness testimony connecting vital components of coverage can provide "reliable and competent secondary evidence" of a lost policy's terms. *Glew*, 590 F. Supp. 2d at 411.

Given that neither party has been able to locate the Policy, and North River's affirmative defense that API must prove the terms of the Policy's coverage, the policy forms sought by API are indisputably relevant to its case and must be produced. In this regard, API's motion to compel (Dkt. No. 24) is GRANTED. To the extent that North River has not: produced "all versions of forms applicable to comprehensive general liability policies with an 'ML' prefix, including the 'COMPAC' form;" identified the precise time period(s) during which it used the "COMPAC" form for policies with an

"ML" prefix; and designated a witness on each topic identified on API's deposition notice, it must do so **within 30 days** of this Decision and Order.

If North River cannot produce these forms, it must instead produce Mr. Quigley's deposition testimony in the cases specified in Dkt. No. 24-3 within **60 days** of this Decision and Order.  This Court finds that it would be unduly burdensome to direct North River to produce Mr. Quigley's deposition testimony "from all other matters related to a lost policy issued during the 1970s containing an 'ML' prefix or 'COMPAC' form," and therefore, API's request for an Order directing this is DENIED.

The parties' joint request to extend the discovery deadline is GRANTED. An amended scheduling order will be entered shortly.

**SO ORDERED.**

DATED:  Buffalo, New York
        February 26, 2018

                                           *s/ H. Kenneth Schroeder, Jr.*
                                           **H. KENNETH SCHROEDER, JR.**
                                           **United States Magistrate Judge**