UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AMERICAN PRECISION INDUSTRIES,
INC.,

                            Plaintiff,

v.                                           14-CV-1050-RJA

FEDERAL INSURANCE COMPANY,
FIREMAN'S FUND INSURANCE
COMPANY, and NORTH RIVER
INSURANCE COMPANY,

                            Defendants.

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters. Dkt. No. 8.

American Precision Industries, Inc. ("API") commenced this action on December 16, 2014, seeking a declaration that the defendant Insurers, Federal Insurance Company ("Federal"), Fireman's Fund Insurance ("Fireman's"), and North River Insurance Company ("North River"), must defend and indemnify API "in connection with [all pending and future] asbestos-related claims asserted against API," and reimburse defense fees and costs and settlement amounts "previously incurred by API in connection with these [asbestos-related claims]." Dkt. No. 1, ¶ 33. Currently before this Court is Federal's First Motion for an Order Decreeing Certain Matters Admitted (Dkt. No. 33), North River's Motion for Joinder (Dkt. No. 35), and Fireman's Motion for an Order Deeming Certain Matters Admitted (Dkt. No. 36).

## FACTS

Insurance Policies

Federal sold API five annual comprehensive general liability insurance policies covering the period from April 1, 1992 through April 1, 1997. Dkt. Nos. 33-10, 33-11, 33-12, 33-13, 33-14. Fireman's is alleged to have sold API consecutive primary comprehensive general liability insurance policies covering April 1, 1985 through April 1, 1989. Dkt. No. 1, ¶¶ 8-10. Finally, North River allegedly issued a primary comprehensive general liability insurance policy covering the period from December 31, 1974 through December 31, 1977. Dkt. No. 1, ¶ 7.

Corporate History

API was formed as a corporation under New York law in 1946. Dkt. No. 33-7, p. 6. In 1996, API formed three subsidiary companies: API AirTech, Inc. ("AirTech"), API Basco, Inc. ("Basco"), and API Heat Transfer, Inc. ("Heat Transfer"). Dkt. No. 33-7, p. 6. In 1997, API transferred certain assets to AirTech and Basco in return for all outstanding shares of those companies. Dkt. No. 33-1, p. 6-7. That same year, API transferred all of the outstanding shares of AirTech and Basco to Heat Transfer in return for all of the shares of Heat Transfer. Dkt. No. 33-1, p. 8. API never transferred any asbestos liabilities to Heat Transfer, AirTech, or Basco during these transactions. Dkt. No. 33-1, p. 2; Dkt. No. 37, p. 6.

Thereafter, Heat Transfer merged into AirTech and the surviving company retained the name Heat Transfer. Dkt. No. 33-7, pp. 8-9. At the end of 1998, Basco,

and two other entities, API Ketema, Inc., and API Schmid-Bretten Inc., merged into Heat Transfer. Dkt. No. 33, p. 9. At that time, API owned all of Heat Transfer as a subsidiary. Dkt. No. 333-7, p. 9. In 2002, API sold Heat Transfer to API Heat Transfer Technologies Corporation. Dkt. No. 33-7, p. 10.

Asbestos Lawsuits

According to the Complaint, API has been named as a defendant in hundreds of asbestos claims in numerous states since approximately 2002. Dkt. No. 1, ¶ 13. These asbestos claims allege third-party bodily injuries resulting from exposure to asbestos contained in products manufactured and/or sold by API, specifically, in heat exchangers manufactured and/or sold by API. Dkt. No. 1, ¶¶ 14-15. The alleged third-party bodily injuries occurred during one or more of the periods covered by the policies issued by the defendant Insurers. Dkt. No. 1, ¶ 16.

Discovery Dispute

The defendant Insurers allege that "it has become abundantly clear during this lawsuit that API is actually seeking reimbursement of the defense costs it incurred in connection with underlying asbestos suits against companies other than API." Dkt. No. 33-1, p. 4. According to Federal, of the 753 underlying asbestos suits identified by API in its "bordereaux" or claims report (Dkt. No. 37-1, p. 5; Dkt. No. 33-6), API was a named defendant in only one lawsuit. Dkt. No. 33-1, p. 4. In the vast majority of cases, the named defendant was Heat Transfer, not API. Dkt. No. 33-1, p. 1.

Federal requested that API admit that it is "named as a defendant in only one of the 753 Underlying Asbestos Suits identified in the bordereaux" and if API's response was anything other than an unequivocal admission, "identify each and every Underlying Asbestos Suit in which API is named [as a] defendant." Dkt. No. 33-7, p. 13, ¶ 32. API objected to the request on the ground "that it seeks information with no relevance to this action because the liabilities for the underlying Asbestos Suits belong to API, rather than the improperly named defendants." Dkt. No. 33-7, p. 13, ¶ 32. Federal also sought an admission from API that Basco, Heat Transfer, and AirTech are not named insureds or additional insureds under any of the Federal Policies. Dkt. No. 33-7, pp. 15-16, ¶¶ 38-42. API objected to these requests "on the grounds that [they] seek] legal conclusion[s], rather than . . . fact[s], and ha[ve] no relevance to this litigation because [Basco, . . . Heat Transfer, and AirTech have] no liabilities for the Underlying Asbestos Suits." Dkt. No. 33-7, ¶¶ 38-42.

Federal further requested that API admit that it is "seeking reimbursement for amounts it spent for the defense of non-API entities in 752 Underlying Asbestos Suits" to which API objected on the ground "that the phrase 'non-API entities' is vague and ambiguous." Dkt. No. 33-7, ¶ 33. API admitted that "it seeks, among other things, coverage for amounts expended to defend actions alleging liabilities retained by API in 1996 in lawsuits improperly naming other entities as defendants." Dkt. No. 33-7, ¶ 33. API had a nearly identical response to Federal's request that API admit that it "is seeking defense for non-API entities in current and future Underlying Asbestos Suits." Dkt. No. 33-7, p. 14, ¶ 34.

Attempts on behalf of the parties to resolve the discovery dispute were unsuccessful. API takes the legal position that because API retained all pre-1997 asbestos liabilities in connection with its 1997 reorganization, it is entitled to coverage for amounts it spent to defend Basco, AirTech, and Heat Transfer because API owns the liabilities of those companies. Dkt. No. 37, p. 9. In this regard, according to API, "API seeks recovery of amounts **it** spent to defend **its own** liabilities regardless of the incorrectly named defendants." Dkt. No. 37, p. 13 (emphasis in the original). Federal argues that API's relevance objection is improper at this juncture in the litigation; and that, in any event, "the requested matter is relevant [from] Federal's legal perspective [because] no coverage is owed for defense of non-insured entities regardless of whether the underlying plaintiffs sued the wrong entities." Dkt. No. 33-1, p. 6.

Federal, along with Fireman's and North River, now seek an Order from this Court deeming the following matters admitted: that API is named as a defendant in only one of the 753 Underlying Asbestos Suits ("Request No. 32") (Dkt. No. 33-5, ¶ 32); that "API is seeking reimbursement for amounts it spent for the defense of non-API entities in 752 Underlying Asbestos Suits" ("Request No. 33") (Dkt. No. 33-5, ¶ 33); and that Heat Transfer, AirTech, and Basco are not insured under the defendant Insurers' policies ("Remaining Requests") (Dkt. No. 33-5, ¶¶ 40-42, 50, 57-59, 67, 74-76, 84).

## **DISCUSSION**

Generally, whether certain matter are discoverable is determined by the broad standard of relevance. *See Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The Federal Rules of Civil Procedure require discovery "of any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. Pro. 26(b)(1). "The burden of demonstrating relevance is on the party seeking discovery. . . . Once relevance has been shown, it is up to the responding party to justify curtailing discovery." *Trilegiant Corp. v. Sitel Corp.*, 275 F.R.D. 428, 431 (S.D.N.Y. 2011) (citation omitted).

Defendants move under Federal Rule of Civil Procedure 36 to have the matters cited above deemed admitted. The purpose of Rule 36 is to "expedite trial by removing uncontested issues" of fact. *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966). Under Rule 36(a):

(1) A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

(A) facts, the application of law to fact, or opinions about either; and

(B) the genuineness of any described documents.

.....

(6) The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

Fed. R. Civ. P. 36.

This Court finds that the defendant Insurers have demonstrated that Request Nos. 32, 40-42, 50, 57-59, 67, 74-76, 84 are relevant in that they directly bear on the issue of whether the parties named in the underlying claims are covered under the insurance policies issued to API. "It is well established under New York law that a policyholder bears the burden of showing that the insurance contract covers the loss." *Morgan Stanley Group Inc. v. New England Ins. Co.*, 225 F.3d 270, 276 (2d Cir. 2000); *Consol. Edison Co. of New York, Inc. v. Allstate Ins. Co.*, 98 N.Y.2d 208, 218 (N.Y. Ct. App. 2002). In this regard, API will ultimately need to prove that the past, present, and future asbestos-related claims for which it seeks reimbursement, defense, and/or indemnification are covered under the defendant Insurers' policies. Thus, contrary to API's arguments, the identity of the defendants in the asbestos-related claims and that of the named and additional insureds is entirely relevant to Defendants' "coverage obligations," and their defense that they are not obligated to cover the losses under the policies issued to API. Dkt. No. 37, p. 11.

The fact that the process of identifying the named defendants and insureds may be "burdensome" does not change the fact that it is necessary for API to prevail in this action. API has already created the bordereaux or claims report enumerating all of the asbestos-related claims for which it asserts the defendant Insurers are responsible. API claims that its bordereaux does not identify the specific defendants or products in the asbestos lawsuits listed and that to respond to the Requests, "it would have to work with its defense counsel in each asbestos lawsuit to ensure [he or she] had reviewed every operative pleading," and would have to "pull files

for nearly 600 closed matters." Dkt. No. 37, p. 11. Moreover, as noted below, whatever burden this task might place on API or its counsel must be weighed against the significant amount at stake in this litigation, roughly $6.5 million, based on the addendum.

API apparently seeks over $6.5 million for defense expenses from the defendant Insurers. Dkt. No. 39, p. 5. Federal argues, and this Court agrees, that "[g]iven the significant amount of the defense costs, it is difficult to believe that [API's] defense counsel did not perform the rudimentary task [of ascertaining the named defendants] at the outset of each lawsuit." Dkt. No. 39, p. 5. Even if no such inquiry was made before undertaking the defense of these cases, the fact remains that API is in the best position to identify the named defendants in each of the asbestos-related claims for which it seeks coverage and to determine if Heat Transfer, AirTech, and/or Basco are named or additional insureds under the alleged policies, issues absolutely central to this declaratory judgment action. Accordingly, API is directed to answer Federal Request Nos. 32, 40-42, 50, 57-59, 67, 74-76, 84, and the analogous Requests from Fireman's and North River, within 45 days of this Decision and Order.

Regarding Federal Request No. 33, calling for an admission that "API is seeking reimbursement for amounts it spent for the defense of non-API entities in 752 Underlying Asbestos Suits," this Court finds that API's response was sufficient given the vague and misleading term "non-API entities." Defendants define "non-API entities" as: "any and all entities not named American Precision Industries Inc. for whom API

expended money to defend underlying Asbestos Suits for which API is seeking reimbursement in this Declaratory Judgment Action, and/or any and all entities not named American Precision Industries for whom API is seeking a defense in the Declaratory Judgment Action for in current and future Underlying Asbestos Suits." Dkt. No. 33-5, p. 4.

API objected to Defendants definition of "non-API entities" and provided the following response:

> API specifically objects to this request on the ground that the phrase "non-API entities" is vague and ambiguous. Subject to and without waiving its objections, API admits that it seeks, among other things, coverage for amounts expended to defend actions alleging liabilities retained by API in 1996 in lawsuits improperly naming other entities as defendants.

Dkt. No. 33-7, p. 14. API's response is both legally and factually sufficient. API cannot be compelled to abandon its legal theory that the liabilities of Basco, Heat Transfer, and AirTech are in fact API's own liabilities. Therefore, defendants' motion to deem this matter admitted is denied.

Based on the foregoing, North River's Motion for Joinder (Dkt. No. 35) is GRANTED; and Federal's and Fireman's Motions for relief under Federal Rule of Civil Procedure 36 (Dkt. Nos. 33 & 36) are GRANTED IN PART and DENIED IN PART. API is hereby directed to answer Federal Request Nos. 32, 40-42, 50, 57-59, 67, 74-76, 84, and the analogous Requests from Fireman's and North River, within 45 days of this Decision and Order.

**SO ORDERED.**

DATED:   Buffalo, New York
         March 8, 2018

                                         *s/ H. Kenneth Schroeder, Jr.*
                                         **H. KENNETH SCHROEDER, JR.**
                                         **United States Magistrate Judge**