UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN PRECISION INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY and NORTH RIVER INSURANCE COMPANY<br><br>Defendants. | DOCKET NO.: 14 CV 01050<br><br>(RJA)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF FEDERAL INSURANCE COMPANY'S MOTION PURSUANT TO FRCP 45 TO COMPEL COMPLIANCE WITH SUBPOENA TO PRODUCE DOCUMENTS** |

Defendant, Federal Insurance Company ("Federal") is entitled to an Order compelling non-party API Heat Transfer Inc. ("Heat Transfer") to comply with the Subpoena to Produce Documents that was served upon Heat Transfer on October 7, 2016 ("Subpoena") because Heat Transfer has failed to provide the requested documents or lodge any objections despite acknowledging receipt of the subpoena and despite repeated requests by Federal.

This action involves an insurance coverage dispute. Although not pleaded in its Complaint, it has been revealed through discovery that Plaintiff American Precision Industries, Inc. ("API") is seeking reimbursement of millions of dollars it allegedly expended to defend Heat Transfer and/or other entities in approximately 750 suits seeking damages for bodily injury caused by asbestos. Given that API is seeking coverage for amounts to it expended to defend Heat Transfer, the factual issue of whether Heat Transfer has its own coverage that would be triggered by the suits is indisputably relevant. So too is the issue of whether Heat Transfer is entitled to a defense and/or indemnification from API pursuant to a 2002 Stock Purchase Agreement wherein API sold all of its shares of Heat Transfer to API Heat Transfer Technologies Corporation. Due to the relevance and importance of these issues to Federal's

defense, Federal served the Subpoena on Heat Transfer demanding documents relevant to these issues, among others. Yet, despite Federal's acknowledged receipt of the Subpoena and despite numerous requests to Heat Transfer's counsel by Federal's counsel, Heat Transfer has failed to provide the subpoenaed documents. Given the time lapse, Heat Transfer has waived any objections. Accordingly, Federal is entitled as a matter of law to an Order compelling Heat Transfer's compliance with the Subpoena.

## I.   FACTUAL BACKGROUND

On October 7, 2016, my office caused to be served a Subpoena to Produce Documents ("Subpoena") on non-party API Heat Transfer Inc. ("Heat Transfer") requiring production of certain categories of documents by October 31, 2016. A true and correct copy of the Subpoena and accompanying cover letter is attached hereto as Exhibit "A". The cover letter accompanying the Subpoena invited Heat Transfer to contact our office to discuss a mutually agreeable method of production. *See* Exhibit "A".

The Subpoena demands production of the following documents:

1. True and correct copies of any and all documents pertaining to API Heat Transfer Inc.'s incorporation, capitalization, founding and establishment.

2. True and correct copies of any and all documents pertaining to asset sales or stock transactions between API Heat Transfer Inc. and American Precision Industries Inc.

3. True and correct copies of any and all documents pertaining to API Heat Transfer Inc.'s merger into API AirTech Inc.

4. True and correct copies of any and all documents pertaining to the changing of API AirTech Inc.'s name to API Heat Transfer Inc.

5. True and correct copies of any and all documents pertaining to the merger of API Basco Inc. and API Ketema Inc. and API Schmidt-Bretten Inc. into API Heat Transfer Inc.

6. True and correct copies of any and all documents pertaining to

       transactions involving shares of stock issued by, or other assets owned by, API Heat Transfer Inc. and/or API AirTech Inc.

7. True and correct copies of any and all documents pertaining to any mergers, acquisitions, divestitures, spin-offs, or other transactions impacting the corporate structure of API Heat Transfer Inc. since after the execution of the Stock Purchase Agreement by and among American Precision Industries, Inc., API Schdmidt-Bretten Beteiligungs GmbH, Heat Transfer Guarantee Co. LLC, and API Heat Transfer Technologies Corporation in 2002.

8. True and correct copies of any and all insurance policies issued to API Heat Transfer Inc. providing general liability coverage for any period of time since API Heat Transfer Inc.'s and/or API AirTech Inc.'s incorporation.

*See* Exhibit "A". Heat Transfer did not provide the subpoenaed documents or provide any response by the October 31, 2016 deadline.

On November 15, 2016, I spoke with a Mr. Bill Dunn, whom I understand was Heat Transfer's Chief Financial Officer and Chief Administrative Offer from April 2016 to October 2017. Mr. Dunn advised me that he forwarded the Subpoena to a Ms. Katriana Roh at the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP. On November 16, 2016, I sent an email to Ms. Roh advising of my representation of Federal in this litigation, attaching a copy of the Subpoena, and asking her to contact me to discuss the Subpoena. A copy of the email is attached hereto as Exhibit "B". On November 18, 2016, I spoke with Ms. Roh telephonically and reiterated Federal's demand that Heat Transfer comply with the Subpoena.

Having received no response to the Subpoena, I again spoke with Ms. Roh telephonically on December 13, 2016 and advised that if Heat Transfer did not comply with the Subpoena, Federal would have no choice but to file a motion for compliance.

Still having received no response to the Subpoena, I sent Ms. Roh an email on January 24, 2017 confirming Heat Transfer's failure to comply with the Subpoena and advising that

Federal would file a motion to enforce the subpoena if Heat Transfer did not produce the subpoenaed documents by January 27, 2017. A copy of the email is attached hereto as Exhibit "C". I again spoke with Ms. Roh telephonically on January 25, 2017, explained the relevance of the subpoenaed documents, and demanded that Heat Transfer comply with the Subpoena. Despite my repeated requests, Heat Transfer did not comply with the Subpoena.

On March 20, 2018, I sent an email to Ms. Roh "reaching out one more time in an attempt to secure API Heat Transfer Inc.'s response to the Subpoena to Product Documents which was served on October 7, 2016" and advising that if the subpoenaed documents were not received within ten days, Federal would have no choice but to utilize motions practice. A copy of the email is attached hereto as Exhibit "D". Ms. Roh responded via email on March 28, 2018, providing a brief, unverified summary of certain corporate transactions involving Heat Transfer. A copy of the email is attached hereto as Exhibit "E". Ms. Roh did not provide any of the documents demanded in the Subpoena.

Despite receiving service of the Subpoena and repeated requests for service, Heat Transfer has never provided the documents demanded in the Subpoena nor lodged any objections.

## II. ARGUMENT

Federal is entitled as a matter of law to an Order compelling Heat Transfer to produce the subpoenaed documents because Heat Transfer failed without any excuse to respond or object the Subpoena. Pursuant to FRCP 45(g), "[t]he court for the district where compliance is required … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." FRCP 45(g). A motion under FRCP 45 is the procedural mechanism to enforce compliance with a subpoena. *See, e.g., Ellison v. Allstate Indem. Co.*,

2013 U.S. Dist. LEXIS 168253, at *5 (W.D.N.Y. Nov. 26, 2013) *(quoting Cont'l Ins. Co. v. Atl. Cas. Ins. Co*., 2008 U.S. Dist. LEXIS 64146 (S.D.N.Y. 2008) ("Rule 45(e) provides the only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty"); *NXIVM Corp. v. Bouchey*, 2011 U.S. Dist. LEXIS 123137, at *6 (N.D.N.Y. Oct. 24, 2011) ("the judicial power to hold a non-party in contempt is the primary mechanism by which a court can enforce a subpoena").

Here, Heat Transfer has been served with the Subpoena and has failed without adequate excuse to obey the Subpoena. To the extent Heat Transfer had any objections, which is denied, such objections have been waived because they were not lodged within the time period for compliance with the Subpoena. *See, e.g.*, *In re in re Sumar*, 123 F.R.D. 467, 471 (S.D.N.Y. 1988) (quoting Fed. R. Civ. P. 45(b) ("Objections to a subpoena duces tecum must be 'made promptly and in any event at or before the time specified in the subpoena for compliance therewith . . . .'"). Accordingly, Federal is entitled as a matter of law to an Order compelling Heat Transfer to produce the subpoenaed documents.

### III.  CONCLUSION

Federal is entitled as a matter of law to an Order compelling Heat Transfer to comply with the Subpoena.  The subpoenaed documents are indisputably relevant to Federal's defenses in the instant action and Heat Transfer acknowledged receipt of the Subpoena, yet Heat Transfer never produced the subpoenaed documents. Accordingly, Federal respectfully moves this Honorable Court to issue an Order in the form attached hereto.

Dated:  June 11, 2018						By: */s/ Emmett E. McGowan, III*
Emmett E. McGowan, III
COHN BAUGHMAN & SERLIN
533 Fellowship Road, Suite 120
Mt. Laurel, NJ  08054
Phone:  (856) 380-8900
Fax:  (856) 380-8901
Attorney for Federal Insurance Company