**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**AMERICAN PRECISION INDUSTRIES,
INC.,**

                **Plaintiff,**

     v.                                    14-CV-1050-RJA

**FEDERAL INSURANCE COMPANY,
FIREMAN'S FUND INSURANCE
COMPANY, and NORTH RIVER
INSURANCE COMPANY,**

                **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters. Dkt. No. 8. American Precision Industries, Inc. ("API") commenced this action on December 16, 2014, seeking a declaration that the defendant Insurers, Federal Insurance Company ("Federal"), Fireman's Fund Insurance, and North River Insurance Company, must defend and indemnify API "in connection with [all pending and future] asbestos-related claims asserted against API," and reimburse defense fees and costs and settlement amounts "previously incurred by API in connection with these [asbestos-related claims]." Dkt. No. 1, ¶ 33. Currently before this Court is Federal's Motion for Discovery Against Non-Party API Heat Transfer, Inc. (Dkt. No. 60). For the following reasons, the Motion is GRANTED.

**FACTS**

Corporate History

API was formed as a corporation under New York law in 1946. Dkt. No. 33-7, p. 6. Federal sold API five annual comprehensive general liability insurance policies covering the period from April 1, 1992 through April 1, 1997. Dkt. Nos. 33-10, 33-11, 33-12, 33-13, 33-14. In 1996, API formed three subsidiary companies: API AirTech, Inc., API Basco, Inc., and API Heat Transfer, Inc. ("Heat Transfer"). Dkt. No. 33-7, p. 6. In 1997, API transferred certain assets to AirTech and Basco in return for all outstanding shares of those companies. Dkt. No. 33-1, p. 6-7. That same year, API transferred all of the outstanding shares of AirTech and Basco to Heat Transfer in return for all of the shares of Heat Transfer. Dkt. No. 33-1, p. 8. API never transferred any asbestos liabilities to Heat Transfer, AirTech, or Basco during these transactions. Dkt. No. 33-1, p. 2; Dkt. No. 37, p. 6.

Thereafter, Heat Transfer merged into AirTech and the surviving company retained the name Heat Transfer. Dkt. No. 33-7, pp. 8-9. At the end of 1998, Basco, and two other entities, API Ketema, Inc., and API Schmidt-Bretten, Inc., merged into Heat Transfer. Dkt. No. 33, p. 9. At that time, API owned all of Heat Transfer as a subsidiary. Dkt. No. 333-7, p. 9. In 2002, API sold Heat Transfer to API Heat Transfer Technologies Corporation. Dkt. No. 33-7, p. 10.

According to the Complaint, API has been named as a defendant in hundreds of asbestos claims in numerous states since approximately 2002. Dkt. No. 1,

¶ 13.  These asbestos claims allege third-party bodily injuries resulting from exposure to asbestos contained in products manufactured and/or sold by API, specifically, in heat exchangers manufactured and/or sold by API.  Dkt. No. 1, ¶¶ 14-15.  The alleged third-party bodily injuries occurred during one or more of the periods covered by the policies issued by Federal and the two other defendant Insurers, Fireman's Fund Insurance Company and North River Insurance Company.  Dkt. No. 1, ¶ 16.

Discovery Dispute

Federal argues, and this Court agrees, that because API seeks coverage from Federal for amounts it expended to defend non-party Heat Transfer, the factual issue of whether Heat Transfer has its own coverage that would be triggered by the suits is indisputably relevant to this action.  Also relevant is whether Heat Transfer is entitled to a defense and/or indemnification from API under a 2002 Stock Purchase Agreement under which API sold all of its shares of Heat Transfer to API Heat Transfer Technologies Corporation.  Dkt. No. 60-2, p. 1.

To shed light on these issues, Federal served a Subpoena on Heat Transfer on October 31, 2016, requiring production of documents related to:  API Heat Transfer, Inc's incorporation; asset sales or stock transactions between API Heat Transfer, Inc. and API; API Heat Transfer, Inc.'s merger into API AirTech, Inc.; the changing of API Airtech, Inc.'s name to API Heat Transfer, Inc.; the merger of API Basco, Inc. and API Ketema, Inc. and API Schmidt-Bretten, Inc. into API Heat Transfer, Inc.; shares of stock issued by, or other assets owned by, API Heat Transfer, Inc. and/or

API AirTech, Inc.; mergers, acquisitions, or other transactions impacting the corporate structure of API Heat Transfer, Inc. since a 2002 stock purchase; and any and all insurance policies issued to API Heat Transfer, Inc. providing general liability coverage for any period since API Heat Transfer, Inc.'s and/or API Airtech, Inc.'s incorporation. Dkt. No. 60-2, pp. 2-3. Heat Transfer did not respond to the Subpoena by the October 31, 2016 deadline. Dkt. No. 60-2, p. 3.

On November 15, 2016, Federal's counsel spoke with Heat Transfer's then Chief Financial and Administrative Officer, who advised that the Subpoena had been forwarded to Heat Transfer's attorneys, Paul, Weiss, Rifkind, Wharton & Garrison LLP. Dkt. No. 60-2, p. 3. Between November 16, 2016, and March 28, 2018, Federal's counsel emailed or phoned Heat Transfer's designated counsel no less than six times to get Heat Transfer to comply with the Subpoena. Dkt. No. 60-2, pp. 3-4. Numerous times, Federal's counsel warned that if the subpoenaed documents were not provided, Federal would have no choice but to move this Court for an Order directing Heat Transfer to comply. Dkt. No. 60-2, pp. 3-4.

On March 28, 2018, Heat Transfer's counsel sent an email providing an unverified, two-sentence synopsis of the corporate transactions involving Heat Transfer. Dkt. No. 60-8, p. 2. Heat Transfer's counsel never provided the documents demanded in the Subpoena nor did it object to the requests made therein.

**DISCUSSION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)." *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011); *see Ford Motor Credit Co. v. Meehan*, No. CV 05-4807, 2008 WL 2746373, at *4 (E.D.N.Y. July 11, 2008); *During v. City Univ. of New York*, No. 05 Civ. 6992, 2006 WL 2192843, at *82 (S.D.N.Y. Aug. 1, 2006). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd.*, 03 Civ. 1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003); *see also Salvatorie Studios, Int'l v. Mako's Inc.*, 01 Civ. 4430, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001).

A district court may impose sanctions on a non-party for failure to comply with a subpoena under Federal Rule of Civil Procedure Rule 45(g). Rule 45(g) provides as follows:

> Contempt. The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

"The Court has the power under this rule to impose contempt simply on the basis of failure to comply with a subpoena." *Painewebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (citing *Diamond v. Simon*, 1994 WL 10622, at *1 (S.D.N.Y. Jan. 10, 1994)); *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991); *Hunter TBA, Inc. v. Triple Sales*, 250 F.R.D. 116, 117 (E.D.N.Y. 2008).

"Absent an improperly issued subpoena or an 'adequate excuse' by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued. Indeed, the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena." *Beare v. Millington*, No. 07-CV-3391, 2010 WL 234771, at *3 (E.D.N.Y. Jan. 13, 2010) (internal citations omitted); *Jalayer v. Stigliano*, No. CV102285LDHAKT, 2016 WL 5477600, at *2 (E.D.N.Y. Sept. 29, 2016). Put another way, a non-party who knowingly fails to comply with a duly issued subpoena and offers no justification for his or her failure to comply may be found in contempt under Rule 45. *See Sprint Nextel Corp. v. Ace Wholesale, Inc.*, No. 1:12-cv-2902, 2014 WL 4308355 (S.D.N.Y. Aug. 26, 2014); *Freund v. Weinstein*, No. 08 cv 1469, 2009 WL 4065585, at *1 (E.D.N.Y. Nov. 23, 2009).

Having reviewed Federal's papers in support of it's Motion for Discovery Against Non-Party Heat Transfer (Dkt. Nos. 60, 62), I find that the discovery Federal seeks is central to this case and satisfies the standard of proportional relevance embodied by Rule 26. *See Sibley v. Choice Hotels Int'l*, No. CV 14-634, 2015 WL

9413101, at *2 (E.D.N.Y. Dec. 22, 2015) (recognizing that "the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case'") (internal citations omitted).

Based on the foregoing, Federal's Motion for Discovery Against Non-Party API Heat Transfer (Dkt. No. 60) is GRANTED. Accordingly, it is hereby ORDERED that Heat Transfer shall provide all documents responsive to the previously issued Subpoena within ten (10) days of receiving this Order. Sanctions are hereby DEFERRED but may be imposed against Heat Transfer if all responsive documents are not produced within this time frame upon further application to this Court.

**SO ORDERED.**

DATED:  Buffalo, New York
July 16, 2018

 *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**